BZS/RJC:dj 24-84

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER PEDRAZA as Special Administrator of the Estate of ELIANA AGUILAR, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| RESILIENCE HEALTHCARE – WEST SUBURBAN MEDICAL CENTER, LLC d/b/a WEST SUBURBAN MEDICAL CENTER; EMILY GOODLIN, M.D.; NARENDRA N. PAVULURI, M.D.; and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

1.      Plaintiff, Jennifer Pedraza, as Special Administrator of the Estate of Eliana Aguilar, Deceased, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant United States of America's (hereinafter "Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar health care providers.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law.  This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January

1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3.      Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4.      Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., the Plaintiff on or about October 11, 2024 presented her claim to the appropriate federal agency for administrative settlement under the FTCA requesting $100,000,000.00 or more. Although the Plaintiff's administrative claim has not been denied, six months have now passed since the claim was presented, and Plaintiff may treat the passage of such time as a denial. This lawsuit was then timely filed.

5.      This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months after the passage of six months since the Plaintiff presented her claim to the appropriate federal agency.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7.      At all times mentioned herein, Plaintiff Jennifer Pedraza, as Special Administrator of the Estate of Eliana Aguilar, Deceased, was and is a citizen of the United States, and was within the district of this Court.

2

8. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

9. Defendant, PCC Community Wellness Center, is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233.

10. Defendants, Shayna Freidman, M.D., and Anastasia Crihfield, M.D., were acting within the scope of their employment at the PCC Community Wellness Center with respect to the incidents referred to in this complaint.

### COUNT I – PROFESSIONAL NEGLIGENCE
### RESILIENCE HEALTHCARE - WEST SUBURBAN MEDICAL CENTER, LLC, d/b/a WEST SUBURBAN MEDICAL CENTER

11. At all times herein mentioned, the Defendant, RESILIENCE HEALTHCARE - WEST SUBURBAN MEDICAL CENTER, LLC, d/b/a WEST SUBURBAN MEDICAL CENTER (hereinafter "WEST SUBURBAN"), was a duly licensed hospital and provided care to patients in Cook County, Illinois.

12. At all times herein mentioned, Defendant, WEST SUBURBAN, employed various healthcare providers including, but not limited to SHAYNA FRIEDMAN, MD, EMILY GOODLIN, MD, ANASTASIA CRIHFIELD, MD, and NARENDRA N PAVULURI, MD.

13. At all times herein mentioned, defendant, WEST SUBURBAN, by and through its agents and employees, both actual and apparent, had a duty to act in a reasonable manner in accordance with Illinois law.

3

14.     On December 20, 2023, Plaintiff, JENNIFER PEDRAZA, presented to Defendant, WEST SUBURBAN, at 40 weeks and 1 day pregnant.

15.     On December 20, 2023, JENNIFER PEDRAZA presented with a history of herpes.

16.     On December 20, 2023 JENNIFER PEDRAZA gave birth to the now deceased, ELIANA AGUILAR.

17.     On December 20, 2023, ELIANA AGUILAR was born GBS positive, with a sepsis score of 0.08.

18.     From December 20 through December 23, 2023, no significant changes to the health of ELIANA AGUILAR were noted.

19.     On December 24, 2023, at approximately 6:43 a.m., ELIANA AGUILAR was seen by Dr. Kate Meizlish and Clarissa O'Conor who described the patient as "well appearing" and noted that there were "no overnight events."

20.     On December 24, 2023, ELIANA AGUILAR developed a new fever and was admitted to the intensive care nursery (ICN).

21.     Overnight from December 24 to December 25, 2023, an overnight nurse noted that ELIANA AGUILAR had a fever of 38.4 degrees Celsius, which "was unresolved at 4 hours repeat."

22.      On the morning of December 25, 2023, ELIANA AGUILAR was febrile with a temperature of 38.9 degrees Celsius and completed a Neonatology consultation.

23.     On December 25, 2023, ELIANA AGUILAR had a fever of 39.2 degrees Celsius and was started on Gentamicin 4mg and Ampicillin 50mg.

24.     On December 26, 2023, ELIANA AGUILAR had a fever of 38.6 degrees Celsius, but Defendants noted that "otherwise baby appears well."

4

25. On December 27, 2023, ELIANA AGUILAR maintained her fever, and Defendants noted to "consider Lurie ID consult if continues to be febrile without known source."

26. On December 28, 2023, Lurie Children's Hospital recommended the transfer of ELIANA AGUILAR due to persistent fever, but "no beds [were] currently available."

27. On December 29, 2023, ELIANA AGUILAR was transferred to the Neonatal Intensive Care Unit (NICU) at Rush University Medical Center (RUSH).

28. On December 29, 2023, ELIANA AGUILAR rapidly decompensated at RUSH, developed acidosis, respiratory distress, liver failure, and disseminated intravascular coagulation (DIC), and eventually died.

29. The autopsy of ELIANA AGUILAR stated that the cause of death was a disseminated Herpes Simplex 1 (HSV-1) infection leading to multi-organ failure.

30. From December 24, 2023, and continuing thereafter, the Defendant, WEST SUBURBAN MEDICAL CENTER, by and through their agents, servants, and employees, including but not limited to SHAYNA FRIEDMAN, MD, EMILY GOODLIN, MD, ANASTASIA CRIHFIELD, MD, and NARENDRA N PAVULURI, MD., deviated from the standard of care in the following ways:

a. Failed to take an appropriate patient history from JENNIFER PEDRAZA;

b. Failed to recognize signs of herpes;

c. Failed to administer Acyclovir; and

d. Failed to test for the presence of herpes.

31. As a direct and proximate result of the aforementioned negligent acts or omissions of the Defendant, WEST SUBURBAN MEDICAL CENTER, plaintiff's decedent, ELIANA AGUILAR, deceased, suffered injuries of a personal and pecuniary nature, including loss of life.

32.     Plaintiff, JENNIFER PEDRAZA, is the duly appointed Special Administrator of the Estate of ELIANA AGUILAR, deceased, by virtue of an order entered in the Circuit Court of Cook County, Law Division.

## COUNT II – FEDERAL TORT CLAIMS ACT/PROFESSIONAL NEGLIGENCE
## SHAYNA FRIEDMAN, MD/PCC COMMUNITY WELLNESS CENTER

33.     Plaintiff restates and re-alleges the factual allegations contained in paragraphs 1-32 above as though they were fully and completely set forth herein.

34.     At all times relevant herein, Defendant, SHAYNA FRIEDMAN, MD, was an actual and/or apparent agent of PCC COMMUNITY WELLNESS CENTER.

35.     At all times relevant herein, it became and was the duty of SHAYNA FRIEDMAN, MD, to render care and treatment in accordance with the accepted standards of prevailing practice and opinion existing in the community at that time and to exercise that degree of care and skill commonly exercised by other similar physicians in the community.

36.     In the rendition of the care and treatment to ELIANA AGUILAR, Defendant SHAYNA FRIEDMAN, MD was guilty of one or more of the following negligent acts and/or omissions:

a.  Failed to take an appropriate patient history from JENNIFER PEDRAZA;

b.  Failed to recognize signs of herpes;

c.  Failed to administer Acyclovir; and

d.  Failed to test for the presence of herpes.

As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, SHAYNA FRIEDMAN, MD, ELIANA AGUILAR suffered injuries of a personal and pecuniary nature, including loss of life.

6

## COUNT III – PROFESSIONAL NEGLIGENCE
## EMILY GOODLIN, MD/PCC COMMUNITY WELLNESS CENTER

37. Plaintiff restates and re-alleges the factual allegations contained in paragraphs 1-32 above as though they were fully and completely set forth herein.

38. At all times relevant herein, Defendant, EMILY GOODLIN, MD, was an actual and/or apparent agent of PCC COMMUNITY WELLNESS CENTER.

39. At all times relevant herein, it became and was the duty of EMILY GOODLIN, MD, to render care and treatment in accordance with the accepted standards of prevailing practice and opinion existing in the community at that time and to exercise that degree of care and skill commonly exercised by other similar physicians in the community.

40. In the rendition of the care and treatment to ELIANA AGUILAR, Defendant EMILY GOODLIN, MD was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to take an appropriate patient history from JENNIFER PEDRAZA;

    b. Failed to recognize signs of herpes;

    c. Failed to administer Acyclovir; and

    d. Failed to test for the presence of herpes.

41. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, EMILY GOODLIN, MD, ELIANA AGUILAR suffered injuries of a personal and pecuniary nature, including loss of life.

## COUNT IV – FEDERAL TORT CLAIMS ACT/PROFESSIONAL NEGLIGENCE
## ANASTASIA CRIHFIELD, MD/PCC COMMUNITY WELLNESS CENTER

42. Plaintiff restates and re-alleges the factual allegations contained in paragraphs 1-32 above as though they were fully and completely set forth herein.

43. At all times relevant herein, Defendant, ANASTASIA CRIHFIELD, MD, was an actual and/or apparent agent of PCC COMMUNITY WELLNESS CENTER.

44. At all times relevant herein, it became and was the duty of ANASTASIA CRIHFIELD, MD, to render care and treatment in accordance with the accepted standards of prevailing practice and opinion existing in the community at that time and to exercise that degree of care and skill commonly exercised by other similar physicians in the community.

45. In the rendition of the care and treatment to ELIANA AGUILAR, Defendant ANASTASIA CRIHFIELD, MD, was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to take an appropriate patient history from JENNIFER PEDRAZA;

    b. Failed to recognize signs of herpes;

    c. Failed to administer Acyclovir; and

    d. Failed to test for the presence of herpes.

46. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, ANASTASIA CRIHFIELD, MD, ELIANA AGUILAR suffered injuries of a personal and pecuniary nature, including loss of life.

## COUNT V – PROFESSIONAL NEGLIGENCE
## NARENDRA N. PAVULURI, MD

47. Plaintiff restates and re-alleges the factual allegations contained in paragraphs 1-23 above as though they were fully and completely set forth herein.

48. At all times relevant herein, it became and was the duty of NARENDRA N. PAVULURI, MD, to render care and treatment in accordance with the accepted standards of prevailing practice and opinion existing in the community at that time and to exercise that degree of care and skill commonly exercised by other similar physicians in the community.

8

49. In the rendition of the care and treatment to ELIANA AGUILAR, Defendant NARENDRA N. PAVULURI, MD was guilty of one or more of the following negligent acts and/or omissions:

    a. Failed to take an appropriate patient history from JENNIFER PEDRAZA;

    b. Failed to recognize signs of herpes;

    c. Failed to administer Acyclovir; and

    d. Failed to test for the presence of herpes.

50. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, NARENDRA N. PAVULURI, MD, ELIANA AGUILAR suffered injuries of a personal and pecuniary nature, including loss of life.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Plaintiff, JENNIFER PEDRAZA, as Special Administrator of the Estate of ELIANA AGUILAR, Deceased, by and through her attorneys, NAPLETON & PARTNERS, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including physical, emotional, and mental injuries, as well as medical expenses in a sum to be ascertained;
2. That Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;
3. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and
4. That Plaintiff have such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted,

_____/s/Rory J. Cannon_____
RORY J. CANNON
Attorneys for Plaintiff

**NAPLETON & PARTNERS**
140 South Dearborn Street, Suite 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 6350270
rcannon@rjnlawoffice.com

10